IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| YOLANDE ZEITOUN, ) | |
| ) | |
| Plaintiff, ) | Case No. 04-1564-HO |
| ) | |
| v. ) | ORDER |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability benefits. Plaintiff asserts disability beginning September 15, 1997, based on cardiac and respiratory problems due to the side effects from radiation treatment for cancer twenty years earlier. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) omitting a function by function assessment of plaintiff's residual functional capacity (RFC); (2) rejecting the treating physician's opinion of plaintiff's limited capacity to walk and lift and carry; and (3) not resolving the conflict between the vocational expert (VE) testimony and the dictionary of occupational titles (DOT).

A.  RFC Assessment

Social Security Ruling 96-8p provides:

> ...To state the Social Security Administration's policies and policy interpretations regarding the assessment of residual functional capacity (RFC) in initial claims for disability benefits under titles II and XVI of the Social Security Act (the Act). In particular, to emphasize that:
>
> 1. Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.
>
> 2. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms. Age and body habitus are not factors in assessing RFC. It is incorrect to find that an individual has limitations beyond those caused by his or her medically determinable impairment(s) and any related symptoms, due to such factors as age and natural body build, and the activities the individual was accustomed to doing in his or her previous work.
>
> 3. When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.

4.  The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities <u>on a function-by-function basis</u>, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. <u>Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy</u>.

5.  RFC is not the least an individual can do despite his or her limitations or restrictions, but the most.

6.  Medical impairments and symptoms, including pain, are not intrinsically exertional or nonexertional. It is the functional limitations or restrictions caused by medical impairments and their related symptoms that are categorized as exertional or nonexertional.

(emphasis added)

Plaintiff contends that the ALJ erred by omitting a function by function assessment and skipped directly to expressing plaintiff's RFC as sedentary with certain additional limitations. Specifically, plaintiff complains that the ALJ did not properly consider limitations on her ability to walk and lift, and carry as expressed by her treating physician Dr. Ronald W. Naito.

While it appears the ALJ did in fact consider plaintiff's limitations on a function by function basis in concluding that she is limited to sedentary work, it is not entirely clear. The ALJ gave great weight to Dr. Naito's opinion and appears to have adopted it, but Dr. Naito opined that plaintiff is limited to walking approximately 600 feet on a good day and on some days she would not even be capable of that. Tr. 323. Dr. Naito completed a RFC form and indicated that plaintiff could walk three blocks without rest on good day. Tr. 327. Dr. Naito also limited plaintiff to occasionally

3 - ORDER

lifting and carrying less than 10 pounds and rarely 10 pounds. Tr. 328.

It is not clear if Dr. Naito's RFC assessment supports sedentary work in the functional areas of standing, walking and lifting and carrying. While his endorsement of plaintiff's ability to lift and carry less than 10 pounds occasionally (meaning 6% to 33% per day) appears to match sedentary work (requiring lifting or carrying up to 10 pounds one-third of an eight-hour day), his limitations on walking may not. Sedentary work requires walking or standing up to two hours per day. Dr. Naito limited plaintiff to very short distances (without indicating time limits) and expressed no opinion as to her ability to stand. Tr. 327. The ALJ appears to have adopted these limitations, but did not put them forth in his hypothetical to the vocational expert preferring instead to limit plaintiff to sedentary work with other limitations.

B.  Dr. Naito's Opinion

Plaintiff argues the ALJ erred in rejecting Dr. Naito's opinion with respect to walking and lifting and carrying, but it appears the ALJ in fact adopted the limitations assigned by Dr. Naito. However, it is not clear if the ALJ properly communicated these limitations to the VE to determine whether plaintiff is capable of working. The Commissioner concedes that Dr. Naito did not address any restrictions limiting plaintiff to standing or walking less than two hours in

workday. Thus, while it appears the ALJ did not err with respect to Dr. Naito's opinion, the record is not complete with respect to plaintiff's RFC. The ALJ relied heavily on Dr. Naito's opinion to arrive at and RFC level of sedentary.

C.  Conflicts between VE and DOT

Given that the VE may not have had the full picture regarding plaintiff's limitations, the issue of whether the jobs described by the VE match the RFC requirements in the DOT can be addressed upon remand.

D.  Remand

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)). Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings. McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

The record appears to support denial of benefits, but it is unclear whether the VE would still find plaintiff capable of performing the two jobs identified if he were given the precise

limitations noted by Dr. Naito in the hypothetical. Moreover, Dr. Naito's RFC assessment does not appear to fully address plaintiff's ability to stand and walk and thus the record needs further development in that regard.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case remanded for further proceedings.

DATED this 13th day of October, 2005.

*Michael C. Hogan*
UNITED STATES DISTRICT JUDGE